USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 06/07/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ONEWEST BANK, N.A.,
Plaintiff,

-against-

OMAR ROSADO, *et al.*,
Defendants.

14 Civ. 9917 (LGS)

OPINION AND ORDER

LORNA G. SCHOFIELD, District Judge:

This action arises from a default on a mortgage loan made to Defendants Omar Rosado and Cecilia Fernandez by Plaintiff CIT Bank, N.A., formerly known as OneWest Bank N.A. Plaintiff moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. Because this action presents no triable issue of fact, Plaintiff's motion is granted.

**BACKGROUND**

All facts below are taken from Plaintiff's statement of material facts, Defendants' counter-statement of material facts and the parties' submissions on the motion.

Plaintiff CIT Bank, N.A. was a federal savings bank known as OneWest Bank, FSB. On February 28, 2014, it changed its charter to become a national banking association and changed its name to OneWest Bank, N.A. Effective August 3, 2015, OneWest Bank N.A. changed its name to CIT Bank, N.A. Plaintiff's principal place of business is in Pasadena, California.

Defendants Omar Rosado and Cecilia Fernandez are individuals residing in Bronx County, New York, and are co-owners of a mortgaged property located at 1274 Mayflower Avenue, Bronx, New York. On February 28, 2007 Defendants obtained a mortgage loan on this property from IndyMac Bank, F.S.B., in the original principal amount of $585,120.00, memorialized in a note executed by both Defendants. In October 2008, Plaintiff offered and

Defendants accepted a modification of the mortgage loan. The modification was memorialized in an agreement dated October 28, 2008, capitalizing the arrears to that time, lowering the interest rate and establishing a new principal balance of $631,237.14.

On July 11, 2008, the Office of Thrift Supervision ("OTS") closed IndyMac and appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver for IndyMac. OTS created a new entity, IndyMac Federal Bank, FSB, into which IndyMac's assets were transferred, and appointed FDIC as conservator for IndyMac Federal. On March 19, 2009, OTS appointed FDIC as receiver for IndyMac Federal. FDIC has served as receiver for IndyMac and as conservator or receiver for IndyMac Federal continuously from the dates of its appointment to the present.

On March 19, 2009, CIT Bank -- at that time operating as OneWest Bank, FSB -- became the owner and servicer of Defendants' mortgage loan when it acquired substantially all assets and mortgage servicing rights of IndyMac Federal from FDIC. An allonge[1] annexed to the note memorializing the mortgage loan specifically indorses the note to OneWest Bank, FSB. Plaintiff had physical possession of the original indorsed note until May 30, 2014.

On May 30, 2014, Plaintiff shipped the collateral file related to the mortgage loan to its foreclosure counsel, which had physical possession of the note on December 16, 2014, when this action was commenced. Plaintiff's foreclosure counsel returned the note and mortgage to Plaintiff on September 23, 2015. Plaintiff continues to be the owner and holder of the note currently.

Defendants defaulted on the mortgage loan, note and modification agreement by failing to make timely payment due September 1, 2009, and all payments due thereafter. Plaintiff states

[1] An allonge is a paper attached to a negotiable instrument to provide space for additional endorsements.

that on July 11, 2014, it mailed 90-day notices, as described in New York Real Property Law § 1304 to both Defendants by certified and first class mail; and that on July 14, 2014, it mailed notices of default to both Defendants by certified and first class mail. Plaintiff made both mailings through Plaintiff's servicing division, IndyMac Mortgage Services. On July 11, 2014, the 90-day notices were filed with the New York State Department of Financial Services.

As evidence of the mailings, Plaintiff provides copies of the Notice of Default, dated July 10, 2014. The first page of each notice appears to be a mailing label and bears a printed U.S. Postal Service tracking number and bar code to reflect the mailing along with the comment where a postage stamp ordinarily would be located "PRESORT First-Class Mail U.S. Postage and Fees Paid WSO." Plaintiff also provides copies of the 90-Day Notices with a similar mailing label bearing a USPS bar code and tracking number. Plaintiff also submits a business record that reflects these mailings, including the tracking number, the addressee, the subject address, the mailing date, the status and the amount of postage. In their response to Plaintiff's 56.1 Statement, Defendants do not dispute the mailing of the 90-day notice, but as to the Notices of Default deny that they were mailed "insofar as Plainitff's evidence fails to establish mailing of the Notice of Default."

Defendants failed to cure their default on the mortgage loan, and Plaintiff exercised its right to accelerate the mortgage. When this action was commenced on December 16, 2014, an unpaid principal balance of $624,527.17, plus interests and fees, remained due and owing to Plaintiff on the mortgage loan, for a total amount sought by Plaintiff of $856,294.59. To date, the mortgage loan remains in default.

**STANDARD**

Summary judgment is appropriate where the record before the Court establishes that there is no "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must construe the evidence in the light most favorable to the nonmoving party and must draw all reasonable inferences in favor of the nonmoving party. *See id.* at 255.

When the movant has properly supported its motion with evidentiary materials, the opposing party must establish a genuine issue of fact by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1); *see also Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). "[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir.2010) (internal quotation marks and citation omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law" will preclude a grant of summary judgment. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).

**DISCUSSION**

**I. Plaintiff Has Made a Prima Facie Showing of Entitlement to Judgment of Foreclosure**

Under New York law, a plaintiff demonstrates prima facie entitlement to judgment as a matter of law in a foreclosure action "by submitting the mortgage, the unpaid note, and evidence of the defendant's default." *Wells Fargo Bank, N.A. v. Morgan,* --- N.Y.S. 3d ----, 2016 WL 2993966, at *2 (2d Dep't May 25, 2016); *see Eastern Savings Bank v. Robinson*, No. 13 Civ. 7308, 2016 WL 482024, at *3 (E.D.N.Y. Feb. 4, 2016) ("In a New York mortgage foreclosure

action, a plaintiff makes a prima facie case -- with summary judgment appropriate if nothing else is shown -- where the foreclosing party produces documentary evidence establishing the three elements of a foreclosure claim: (1) a mortgage, (2) a note, and (3) proof of default on the note by the mortgagor."). In connection with this motion, Plaintiff has provided all three of these -- the mortgage, the note and proof of default in the form of a sworn statement by a CIT representative that Defendants failed to make timely payment due September 1, 2009 and thereafter, copies of notices of default sent to Defendants, and 90-day notices, dated July 10, 2014, as described in New York Real Estate Law, sent to Defendants and filed with the New York State Department of Financial Services.

Defendants do not dispute the existence of the mortgage loan or the note as described by Plaintiff, nor do they dispute their default and an unpaid principal balance of $624,527.17, plus interest and fees.

## II. Plaintiff's Notice Complied with the Requirements of the Mortgage

Once a plaintiff has made a prima facie showing of entitlement to a judgment of foreclosure, the defendant must raise a triable issue of fact to meet its burden and withstand the motion for summary judgment. *Fleet Nat. Bank v. Olasov*, 793 N.Y.S.2d 52, 52 (2d Dep't 2005); *see Eastern Savings Bank v. Aufiero*, No. 14 Civ. 256, 2016 WL 1056998, at *5 (E.D.N.Y. Mar. 14, 2016) ("The burden then shifts to the defendant to demonstrate that there is a triable issue of fact with respect to the merits of any defenses or counterclaims."). Under New York law, failure to comply with a condition precedent enumerated in a mortgage agreement is an affirmative defense to a mortgage foreclosure action. *Wells Fargo Bank, N.A. v. Eisler*, 118 A.D.3d 982, 982, 988 N.Y.S.2d 682 (2d Dep't 2014).

Defendants argue that Plaintiff failed to provide Defendants with a notice of default as required by the mortgage in two respects that Plaintiff asserts create triable issues of fact: first, that the notice of default provided by Plaintiff does not comport with the terms of the mortgage; and second, that Plaintiff does not provide sufficient evidence that the notice of default was mailed. Because neither of these contentions gives rise to an issue of fact, Plaintiff's motion for summary judgment is granted.

**A. The Notice of Default Complied with the Terms of the Mortgage**

The notices of default originated by Plaintiff adequately conform to the provisions of the mortgage. Substantial compliance is sufficient under New York law. *See Indymac Bank, FSB v. Kamen*, 890 N.Y.S.2d 649, 649 (2d Dep't 2009) ("[T]he notice of default . . . substantially complied with the terms of the mortgage.").

Paragraph 22 of the mortgage provides the conditions under which the lender may accelerate the mortgage and initiate foreclosure proceedings. Paragraph 22(b) requires a notice of default, and Paragraph 22(b)(6) requires that any such notice state that the borrower has "the right in any lawsuit for Foreclosure and Sale to argue that I did keep my promises and agreements under the Note and under this Security Instrument, and to present any other defenses that I may have." In this case, the notices of default state that a borrower "may have the right to bring a court action to assert the non-existence of a default or any other defense [a borrower] may have to acceleration and foreclosure."

Defendants contend that this language could mislead the average homeowner into believing that he or she must assert his or her claims or defenses in a separate lawsuit, rather than in an ongoing foreclosure action. Defendants argue that, because the notices of default do not

replicate identically the language in Paragraph 22(b)(6), they are necessarily insufficient and preclude entry of summary judgment in favor of Plaintiff. Defendants' argument is unfounded.

New York law requires that notices of default "adequately conform[] to the provisions of the mortgage which govern[] such notice." *First Trust Nat'l Ass'n v. Meisels*, 651 N.Y.S.2d 121, 121 (2d Dep't 1996); *see Kamen*, 890 N.Y.S.2d at 649. Defendants misstate what is required of a notice of mortgage: a verbatim transcription of the terms of the mortgage is not required. This very argument was considered and rejected in *OneWest Bank, N.A. v. Rubio*, No. 14 Civ. 3800, 2015 WL 5037111 (S.D.N.Y. Aug. 26, 2015). However, *Rubio* -- considering the same language at issue here -- found that the language in the mortgage did not adequately conform to the mortgage. tThe court nevertheless concluded that because defendants did not contend they actually were prejudiced by the noncompliant notice, strict enforcement of the mortgage's provision for the contents of notice of default was not necessary. *Id.* at *4. So too in the present case, the notices of default received by Defendants did not conform to the prescribed language. However, Defendants do not allege any prejudice resulting from the deviation, and specifically do not argue that they lacked actual notice of their default and their ability to assert claims or defenses. "[W]here the adversary party does not claim the absence of actual notice or prejudice by the deviation," as here, "strict compliance with contractual notice provisions need not be enforced." *Baygold Assocs., Inc. v. Congregation Yetev Lev of Monsey, Inc.*, 916 N.Y.S.2d 639, 640 (2d Dep't 2011). Defendants have failed to raise a triable issue of fact that would defeat summary judgment regarding the language of the notice of default.

**B. Plaintiff Has Provided Sufficient Evidence of Mailing that a Reasonable Jury Would Conclude the Notice Was Mailed**

Similarly, Defendants have not created an issue of fact as to whether the Notices of Default were mailed to them. Plaintiff has provided the notices, bearing postal service tracking

numbers and bar codes, and their own business record that reflects the mailings. Defendants do not contend that they did not receive the notices of default. Defendants do not even contend that the notices of default were not mailed. Defendants have not cited anything in the record to suggest that the notices were not mailed. Defendants simply contend that Plaintiff has not provided evidence sufficient to establish that the notices were mailed. This is not sufficient to put the matter at issue for purposes of summary judgment. *See* Fed. R. Civ. P. 56(c)(1); *Wright*, 554 F.3d at 266 ("When a motion for summary judgment is properly supported by documents or other evidentiary materials, the party opposing summary judgment may not merely rest on the allegations or denials of his pleading; rather his response, by affidavits or otherwise as provided in the Rule, must set forth specific facts demonstrating that there is a genuine issue for trial." (internal quotation marks and citation omitted)). Because there are no disputed issues of material fact, summary judgment is granted.

**III. Defendants Abandon All Issues Except Their Adequate Notice Issue**

Plaintiff seeks summary judgment on its claims and all of Defendants' affirmative defenses and counterclaims. Plaintiff addressed each of these fifteen affirmative defenses and counterclaims in its brief in support of its motion for summary judgment. In failing to respond on any of these issues, except the sufficiency of the notice of default and the sufficiency of the evidence that the notice of default was mailed, Defendants have abandoned those unaddressed claims. *See Jackson v. Fed. Exp.*, 766 F.3d 189, 198 (2d Cir. 2014) ("[I]n the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned.").

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for summary judgment is GRANTED. Plaintiff is directed to submit a proposed judgment no later than June 21, 2016. The Clerk of Court is respectfully directed to close the motion at Docket No. 68.

SO ORDERED.

Dated: June 7, 2016
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**